IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**SUSAN PENNINGTON,**
    **Plaintiff,**

-vs-                    Case No. A-09-CA-287-SS

**THE TEXAS HEALTH AND HUMAN SERVICES COMMISSION and THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,**
    **Defendants.**

## <u>O R D E R</u>

BE IT REMEMBERED that on November 4, 2009, the Court called the above-styled cause for a hearing on all pending matters and the parties appeared, either in person or through counsel. Having reviewed the file, and specifically Defendants Texas Health and Human Services Commission ("HHSC") and the Texas Department of Family and Protective Services ("DFPS")'s Motion for Partial Dismissal [#10], Plaintiff Susan Pennington ("Pennington")'s Response [#16], and Defendants' Reply [#17], and having considered the motions, the response, the reply, the relevant law, the hearing, and the case file as a whole, the Court confirms its announcements with the following written opinion and orders.

### Background

This is an employment discrimination case, brought by Susan Pennington, proceeding pro se. Pennington was employed by DFPS as the Division Manager of Residential Child Care Contracts when the chain of events leading to her claims began in March of 2007. Pl. Compl. ¶ 8a-1 [#1].

Pennington claims she chose to hire an internal applicant, who was pregnant at the time, to fill the position of Residential Contract Manager. *Id.* Pennington's supervisor allegedly told Pennington not to hire the applicant because she was pregnant and instead instructed Pennington to hire a male candidate. *Id.* Pennington refused and eventually the pregnant applicant was hired. *Id.* Pennington also claims she raised concerns about discriminatory trends in the foster care system, including the failure of DFPS to hire minority contractors for foster care. *Id.* at ¶ 8a-4. Finally, Pennington claims she opposed compensation discrimination directed at minority staff members and was reprimanded for her complaints. *Id.* at ¶ 8a-7, 8. Pennington was terminated from her position on August 1, 2007.[1] *Id.* at ¶ 8a-13.

Pennington filed this suit on April 15, 2009. She claims both HHSC and DFPS created a hostile work environment and retaliated against her, eventually terminating her, for (1) refusing to participate in discrimination against another employee who was pregnant; (2) raising concerns about DFPS's discrimination against minority contractors for foster care; and (3) advocating for equal compensation for minority and non-minority staff. Pennington also seems to assert claims of sexual harassment, sex discrimination, and race discrimination on behalf of herself and other employees.

**Legal Standard for 12(b)(1) and 12(b)(6) Motion to Dismiss**

A party seeking to invoke the jurisdiction of a federal court must prove jurisdiction is proper. Federal district courts are courts of limited jurisdiction, and they may only exercise such jurisdiction as is expressly conferred by federal statute. *See Le Mieux Bros. v. Tremont Lumber Co.*, 140 F.2d

---

[1]There is some confusion about this date in the complaint. In both her complaint in this suit and her EEOC complaint, Pennington claims she was terminated on August 1, 2007, but she also alleges certain facts relating to her retaliation claim occurred in May and June of 2008. *See* Pl. Compl. ¶ 8a-4. Further, Defendants' assert Pennington was employed at DFPS until August 1, 2008. Def. Mot. to Dismiss at 2 [#10]. For the purposes of this order, the actual date of termination is irrelevant.

387, 389 (5th Cir. 1944). Federal Rule of Civil Procedure 12(b)(1) provides the vehicle through which subject matter jurisdiction may be challenged. The burden of establishing subject matter jurisdiction rests with the party seeking to invoke it. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

In evaluating a challenge to subject matter jurisdiction the Court is free to weigh the evidence and resolve factual disputes so it may be satisfied jurisdiction is proper. *See Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). In conducting its inquiry the Court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* The Court must take the allegations of the complaint as true and draw all inferences in Plaintiff's favor. *Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995); *Garcia v. United States*, 776 F.2d 116, 117 (5th Cir. 1985). Dismissal is warranted if Plaintiff's allegations, together with any undisputed facts, do not establish the Court has subject matter jurisdiction. *See Saraw*, 67 F.3d at 569; *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding whether to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "the Court must take the factual allegations as true, resolving any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). However, the plaintiff "must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal*

*Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).

Even under the liberal pleading standard set forth by Rule 12(b)(6), the Court may not assume the plaintiff can prove facts he has not alleged. *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 443 (5th Cir. 1986). Moreover, dismissal is appropriate where the complaint is devoid of facts to establish any one of the required elements of the claim asserted. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Pennington seems to assert claims against both HHSC and DFPS for sexual harassment, sex discrimination, and race discrimination on behalf of herself and other employees. As explained by the Court at the hearing, these claims are dismissed. In addition, Pennington asserts claims of retaliation and hostile work environment against both HHSC and DFPS. As explained at the hearing, the claims against HHSC are dismissed, but the claims against DFPS are not.

**A.      Third Party Claims**

To the extent Pennington is asserting claims of sexual harassment, sex discrimination, and race discrimination on behalf of other employees her claims are dismissed. In order to assert claims, a plaintiff must have standing. In essence "*the plaintiff* must have suffered an injury in fact–an invasion of a legally protected interested which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations omitted) (emphasis added). Pennington has not suffered an injury due to any

discrimination against other employees. Thus, she does not have standing to assert the claims of those employees. While the other employees may have suffered an injury from discrimination, Pennington suffered no injury from the discrimination against other employees. Thus, Pennington's claims on behalf of other employees are dismissed for lack of standing.

Further, Pennington does not allege any facts indicating sexual harassment, sex discrimination, or race discrimination directed against her. Indeed, the Court is not even certain she intends to bring such claims on her own behalf, but to the extent she has, they are dismissed for failure to state a claim. The only sentence of her complaint stating these claims reads: "The Defendants' unlawful acts of discrimination against Plaintiff, Rash [the pregnant employee], minority employees and contractors and the intimidation, abuse and retaliation against Plaintiff provide a *prima facie* case for sexual harassment, racial discrimination, hostile work environment and retaliation." Pl. Compl. at ¶ 8a-21. While Pennington asserts numerous allegations of sexual harassment, sex discrimination, and racial discrimination against other employees, there are no allegations Pennington herself was sexually harassed or discriminated against on the basis of sex or race. Thus, Pennington's claims of sexual harassment, sex discrimination, and race discrimination on her own behalf are dismissed.

**B.     Claims Against HHSC**

HHSC is not Pennington's employer and thus Pennington's claims against HHSC are dismissed. While HHSC does fit the definition of *an* employer under Title VII, it is not *Pennington's* employer. *See* 42 U.S.C. § 2000e(b). HHSC oversees the operations of the five agencies which make up the health and human services system in Texas; DFPS is one of the five agencies overseen by HHSC. *See* TEX. GOV'T CODE § 531.0055(e). Pennington was employed by

DFPS, as she admits in her complaint. Pl. Compl. ¶ 3. While it is perfectly understandable for Pennington to believe HHSC was also her employer,[2] that is not the case. Thus, Pennington's claims against HHSC are dismissed.

## C.    Claims Against DFPS

Pennington's claims against DFPS for hostile work environment and retaliation for (1) refusing to participate in discrimination against another employee who was pregnant; (2) raising concerns about DFPS's discrimination against minority contractors for foster care; and (3) advocating for equal compensation for minority and non-minority staff, are not dismissed. Pennington's complaint alleges a series of actions for which DFPS's retaliation was Pennington's termination. Defendants' motion to dismiss requests only the dismissal of Pennington's retaliation claim against DFPS to the extent the claim is based on her opposition to DFPS's discrimination against minority contractors.

Defendants assert Pennington's complaints about the treatment of minority contractors do not describe a protected activity under Title VII, and thus cannot establish a case of retaliation. Def. Mot. to Dismiss at 7. Title VII does not protect an employee against retaliation for opposition to all employment practices, but only for opposition to those employment practices made unlawful by Title VII. *See e.g. Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 349 (5th Cir. 2007) (holding complaining about conduct that is not discriminatory in nature is not a protected activity under Title VII). Pennington's complaint alleges she opposed DFPS policy of discrimination against minority contractors. Pl. Compl. at ¶ 8a-14. Taking Pennington's allegations as true, the Court is not

---

[2]HHSC handles all civil rights complaints for each of the five agencies it oversees. Thus, when Pennington filed her complaint with the Texas Workforce Commission, HHSC was the party who responded to her. *See* Pl. Compl. Ex. at 2.

convinced her complaint does not establish the Court has subject matter jurisdiction. *See Saraw*, 67 F.3d at 569. Likewise, based on Pennington's allegations, her actions could be interpreted as a protected activity opposing an unlawful employment practice under Title VII. Thus, Pennington's claims against DFPS are not dismissed.

## Conclusion

IT IS ORDERED that Defendants' Motion for Partial Dismissal [#10] is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff's Motion to Continue Hearing [#19] is DISMISSED AS MOOT.

SIGNED this the 12th day of November 2009.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE